UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STERLING SAVINGS BANK, a Washington state-chartered bank<br><br>   Plaintiff,<br><br>   v.<br><br>THE TURF CORPORATION, an Idaho corporation; THE TURF COMPANY, LLC, an Idaho limited liability company; PLEASURE TURF, LLC, an Idaho limited liability company; THE TURF COMPANY OF NEVADA, INC., a Nevada corporation; and L. DARWIN McKAY, an individual,<br><br>   Defendants. | Case No.  1:11-CV-00524-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is Plaintiff Sterling Savings Bank's Motion for Partial Summary Judgment (Dkt. 30) and Sterling's Motion to Strike (Dkt. 36) against the Defendants, The Turf Corporation, The Turf Company, LLC, Pleasure Turf, LLC and The Turf Company of Nevada, Inc. (the "Turf Defendants" or "Turf").  For the reasons set forth below, the Court will grant Sterling's summary judgment motion and deny the motion to strike Turf's response to summary judgment as untimely.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

Plaintiff Sterling Savings Bank made four loans totaling over $3.8 million to the Turf Defendants. *Peterson Aff.* at Exs. A, I, O, & Q, Dkt. 30-2. Sterling alleges that the Turf Defendants failed to repay the loans as agreed and have been in default since 2010. *Id.* at ¶¶ 28-29. Sterling and Turf executed two different forbearance agreements that postponed legal action in return for Turf's promise to cure their defaults. *Id.* ¶ 29. But, according to Sterling, Turf breached the forbearance agreement as well, failing to cure their default on the four notes. *Id.* ¶¶ 30-32. Turf does not dispute Sterling's allegations.[1]

## LEGAL STANDARD

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . .." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327. "[T]he mere

---

[1] Turf's response was untimely, and therefore Sterling has moved to strike Turf's response brief. While Turf admits that it mistakenly filed its response late, the Court would prefer to decide the summary judgment motion on its merits rather than strike Turf's response. Sterling's motion to strike Turf's response brief is therefore denied.

existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  There must be a genuine dispute as to any *material* fact – a fact "that may affect the outcome of the case." *Id.* at 248.

The evidence must be viewed in the light most favorable to the non-moving party, and the Court must not make credibility findings. *Id.* at 255.  Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999).  On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The Court must be "guided by the substantive evidentiary standards that apply to the case." *Liberty Lobby*, 477 U.S. at 255.  If a claim requires clear and convincing evidence, the question on summary judgment is whether a reasonable jury could conclude that clear and convincing evidence supports the claim. *Id*.

The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc).  To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir. 2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Id.* at 256-57. The non-moving party must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine dispute of material fact exists. *Celotex,* 477 U.S. at 324.

## ANALYSIS

Sterling has submitted the loan documents, the forbearance agreements, and the Affidavit of Glen Peterson, which includes the details of Turf's default on the four notes and breaches of the forbearance agreements. It also specifies the exact amount Turf owes, including interest and fees. Mr. Peterson submitted a second affidavit stating that the fees charged included appraisal fees, legal counsel fees, and title fees as allowed under the loan documents and forbearance agreements. *Second Peterson Aff.* ¶¶ 6-7.

Here, the undisputed record shows that the Turf Defendants breached their contractual obligations to Sterling under the parties' agreements, including the promissory notes and forbearance agreements. Sterling is entitled to enforce its rights under the promissory notes, just as any party may enforce a right which arises due to a breach of contract. *Sirius LC v. Erickson*, 156 P.3d 539, 542 (2007). Because Turf does not dispute that it is in default, the Court will grant Sterling's motion for summary judgment.

## ORDER

IT IS ORDERED that:

1. Plaintiff Sterling Savings Bank's Motion for Partial Summary Judgment (Dkt. 30) is GRANTED. Sterling shall submit a proposed judgment by *August 6, 2012*.

2. Sterling's Motion to Strike (Dkt. 36) is DENIED.

DATED: July 31, 2012

B. Lynn Winmill
Chief Judge
United States District Court